NOT DESIGNATED FOR PUBLICATION

No. 121,084

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HIEU NGOC TRAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Trego District Court; BLAKE A. BITTEL, judge. Opinion filed December 11, 2020. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GREEN and STANDRIDGE, JJ.

PER CURIAM: Hieu Ngoc Tran argues that the district court erred by denying his motion to withdraw plea because he did not understandingly enter his *Alford* plea to marijuana possession. Specifically, Tran, whose primary language is Vietnamese, contends that without the help of a Vietnamese interpreter, he could not understand certain aspects of his plea. Nevertheless, the record on appeal establishes that Tran can read, write, and speak English fluently. The record on appeal further establishes that Tran understood the consequences of entering his *Alford* plea when he entered it. Because Tran's argument is fatally flawed, we affirm.

1

On April 7, 2018, during a traffic stop, law enforcement discovered methamphetamine and drug paraphernalia in Tran's car. Based on that discovery, the State charged Tran with possession of methamphetamine, a severity level 5 nonperson felony in violation of K.S.A. 2017 Supp. 21-5706(a), and possession of drug paraphernalia, a class B nonperson misdemeanor in violation of K.S.A. 2017 Supp. 21-5709(b)(2).

After the State filed its charges, the district court appointed Colton Eikenberry to serve as Tran's attorney. Eventually, Eikenberry helped negotiate a plea agreement between Tran and the State. Under Tran's plea agreement, in exchange for Tran's guilty plea in accordance with *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), the State agreed to amend its charges against Tran to a single count of marijuana possession, which constituted a severity level 5 nonperson felony in violation of K.S.A. 2017 Supp. 21-5706(b)(3). Additionally, under Tran's plea agreement, the State agreed that Tran, whose presumptive sentence under the Kansas Sentencing Guidelines Act (KSGA) required him to serve prison time, could move for a dispositional departure to probation. Lastly, under the plea agreement, the State agreed to support Tran's dispositional departure motion at sentencing.

As part of his plea agreement, Tran signed an "Acknowledgement of Rights and Entry of Plea" form. In this form, Tran acknowledged each legal right he was waiving by entering his *Alford* plea. He acknowledged that his decision to enter his *Alford* plea was voluntarily and understandingly made. Additionally, he acknowledged that he was 44 years old, that he attended school for 12 years, and that he could read and write English.

At his plea hearing, Tran told the district court that he was ready to enter his *Alford* plea, that he had no questions of either the court or Eikenberry, and that he was "[a]bsolutely" satisfied with Eikenberry's representation. Upon the district court's

2

questioning, Tran also explicitly told the district court that he could read and write English and understood what was happening in his case. Based on Tran's appropriate responses during his plea colloquy, the district court accepted Tran's *Alford* plea to marijuana possession as knowingly and voluntarily made.

Then, at the end of Tran's plea hearing, Tran requested a recognizance bond. The State responded that it would not oppose Tran's request. But it further warned that should Tran fail to appear at sentencing, it would no longer support Tran's impending dispositional departure motion. Instead, the State asserted that, under such circumstances, it would ask the district court to impose Tran's presumptive prison sentence.

In the end, the district court granted Tran's recognizance bond request. Yet, in doing so, the district court warned Tran that if he did not appear at sentencing, the State would ask that it sentence him to prison. Tran responded to the district court's warning by stating, "I will be here, Judge." Tran then added that he would provide the district court with his correct mailing address once he returned home to Oklahoma, stating, "I will get you precisely [the correct mailing address], when I get back to Oklahoma." Tran also corrected the district court when it misstated his phone number.

After his plea hearing, Tran moved for a dispositional departure to probation. To support his motion, Tran cited his limited criminal history. Thereafter, however, Tran failed to appear at his sentencing hearing. Based on his failure to appear, the district court issued a bench warrant for Tran's arrest. Eventually, law enforcement arrested Tran on the district court's bench warrant.

Next, shortly after his arrest, Tran filed two motions. In his first motion, Tran argued that he was entitled to withdraw his *Alford* plea because no Vietnamese interpreter assisted him during his plea-related proceedings even though his primary language was Vietnamese. According to Tran, because no Vietnamese interpreter assisted him, he "had

3

difficulty understanding the plea agreement that he entered into." Thus, Tran asserted that he had not understandingly entered his plea. In his second and related motion, Tran requested the appointment of a Vietnamese interpreter to assist him in all future court proceedings.

Shortly after Tran filed the preceding motions, the State asked the district court to deny the motions. In its response, the State argued that significant evidence indicated that Tran understood English. Based on that evidence, the State argued that Tran's motion to withdraw plea and motion for appointment of a Vietnamese interpreter were meritless.

Next, the district court held a hearing where Eikenberry orally moved to withdraw as Tran's counsel. Although Eikenberry did not explain his reason for withdrawing as Tran's counsel on the record, Tran, through the help of a Vietnamese interpreter, told the district court that he agreed to Eikenberry's withdrawal. As a result, the district court allowed Eikenberry to withdraw as Tran's counsel and then appointed Tran new counsel. At the conclusion of the hearing, the district court also scheduled an evidentiary hearing on Tran's pending motions.

Although the district court provided Tran with a Vietnamese interpreter at his previous hearing, at the evidentiary hearing on Tran's pending motions, no Vietnamese interpreter assisted Tran. Moreover, Tran's newly appointed counsel presented no evidence on Tran's behalf. Even so, Tran's newly appointed counsel argued that the district court should grant Tran's motion to withdraw his *Alford* plea because "nobody ever asked Mr. Tran if he needed an interpreter."

The State countered Tran's motions by presenting the testimony of two law enforcement officers, Eikenberry, and Tran. Summarized, the two law enforcement officers discussed their previous encounters with Tran. Both testified that during those prior encounters, they conversed with Tran in English without difficulty. Additionally,

4

through the testimony of one officer, the State admitted a recording of Tran having an extended conversation in English.

Meanwhile, Eikenberry testified that although Tran had a Vietnamese accent, he had no concerns regarding Tran's ability to comprehend English during their multiple interactions. Eikenberry explained that he never requested the appointment of a Vietnamese interpreter on Tran's behalf because he believed that Tran understood English. Eikenberry further explained that Tran never asked him for an interpreter until after his arrest for failing to appear at sentencing. As for Tran's plea agreement, Eikenberry testified that when he and Tran discussed Tran's "Acknowledgment of Rights and Entry of Plea" form, he believed that Tran "understood the language [in the form] as was written."

Tran was generally uncooperative while testifying for the State. Often, when the State asked Tran questions, Tran would respond that "[he did not] understand what [the State] was talking about." At one point, however, Tran complied with the State's request to read out loud in English the titles of certain documents related to his criminal case. For instance, when asked by the State to do so, Tran was able to read the title "Arrest for probable cause affidavit." Later, when the State asked Tran if he understood English, Tran agreed that he understood English "[a] little bit." Moreover, although it is unclear whether Tran graduated high school, Tran clarified that he had attended "English as a Second Language" classes through the 12th grade at an Oklahoma high school.

Even so, Tran also testified that he believed he needed an interpreter. Moreover, he asserted that when he entered his *Alford* plea, he believed that he could "[t]ake the plea and go home." He alleged that he did not "understand [that he] needed to come back [to court] for the sentencing."

At the end of the hearing, the district court denied Tran's motions from the bench. In denying Tran's motions, the district court noted that although a different judge had presided over Tran's plea hearing, it had listened to a recording of the plea hearing. The district court then explained that the plea hearing recording clearly established Tran's fluency in English. It noted that at the plea hearing, Tran was not speaking "in broken English." Instead, at the plea hearing, Tran used advanced vocabulary, like the terms "absolutely" and "precisely," while also providing appropriate responses during his plea colloquy.

The district court also took issue with Tran's testimony that he did not understand that he would have to return to the district court at sentencing when he entered his *Alford* plea. It found that this was "absolutely not the case" because at the end of Tran's plea hearing, the district court had "specifically discussed" sentencing with Tran and "Tran [had] agreed that . . . he would have to come back for sentencing." Last, the district court further found that Tran's prior admissions to reading and writing English supported its denial of Tran's motions.

After denying Tran's motions, the district court held Tran's sentencing hearing. At the hearing, Tran asked that the district court grant his dispositional departure motion based on his minimal criminal history. Citing Tran's failure to appear at his original sentencing hearing, the State asked the district court to sentence Tran to prison. The district court agreed with the State. It denied Tran's dispositional departure motion because he failed to appear at his original sentencing. Then, it sentenced Tran to 17 months' imprisonment followed by 12 months' postrelease supervision, which was Tran's standard presumptive prison sentence for marijuana possession under the KSGA.

Tran timely appeals.

6

*Did the District Court Err by Denying Tran's Motion to Withdraw His* Alford *Plea?*?

On appeal, Tran's sole argument is that the district court abused its discretion by denying his motion to withdraw his marijuana possession *Alford* plea. As he did below, Tran contends that because his primary language is Vietnamese, he needed the help of a Vietnamese interpreter to understand the consequences of entering his *Alford* plea. According to Tran, because he did not have a Vietnamese interpreter helping him during his plea-related proceedings, he mistakenly believed that "by taking the plea[,] he could go home." As a result, Tran's sole appellate argument concerns whether he understandingly made his plea.

To support this argument, Tran points to his evidentiary hearing testimony about not knowing that he had to return to the district court for sentencing after entering his *Alford* plea. He also notes that under K.S.A. 75-4351(b), "[a] qualified interpreter shall be appointed in . . . cases for persons whose primary language is one other than English . . . in any court proceeding involving such person" when "such proceeding may result in the confinement of such person or the imposition of a penal sanction against such person." Thus, Tran implies that the district court's failure to appoint him a Vietnamese interpreter during his plea-related proceedings violated K.S.A. 75-4351(b).

The State counters that the district court properly denied Tran's motion to withdraw his *Alford* plea because the evidence before the district court established that Tran was fluent in English. The State stresses that the district court denied Tran's motion based on credibility determinations against Tran, which we must defer to under our applicable standard of review.

A brief analysis of the facts of this case under our relevant law establishes the State's analysis regarding the district court's denial of Tran's motion to withdraw his *Alford* plea is correct. In short, overwhelming evidence supports that Tran was fluent in

7

English and understood the terms of his *Alford* plea. As a result, Tran's contention that he did not understandingly enter his plea because he lacked the assistance of a Vietnamese interpreter during his plea-related proceedings is meritless.

*Standard of Review*

Under K.S.A. 2019 Supp. 22-3210(d)(1), "[a] plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." "In addressing whether a defendant has shown good cause, a district court typically considers three factors:  (1) whether 'the defendant was represented by competent counsel'; (2) whether 'the defendant was misled, coerced, mistreated, or unfairly taken advantage of'; and (3) whether 'the plea was fairly and understandingly made.'" *State v. DeAnda*, 307 Kan. 500, 503, 411 P.3d 330 (2018) (quoting *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 [2006]).

Appellate courts review the district court's denial of a defendant's presentencing motion to withdraw plea for an abuse of discretion. *DeAnda*, 307 Kan. at 503. A district court abuses its discretion when it makes its decision based on an error of law, an error of fact, or an otherwise unreasonable decision. 307 Kan. at 503.

*Plea Withdrawal Motion Properly Denied*

To review, the following facts supported that Tran was fluent in English when he entered his *Alford* plea to marijuana possession:

- Tran's acknowledgment in his "Acknowledgement of Rights and Entry of Plea" form that he was 44 years old, that he attended school for 12 years, and that he could read and write English;

- Tran's acknowledgment in his "Acknowledgement of Rights and Entry of Plea" form that his decision to enter an *Alford* plea was voluntarily and understandingly made;

- Tran's affirmative response to the district court's question whether he could "read and write the English language" at his plea hearing;

- Tran's use of advanced terms, like "absolutely" and "precisely," when responding to the district court's questions during his plea colloquy;

- Tran's other appropriate responses to the district court's questions during his plea colloquy, including that he was voluntarily and understandingly entering his *Alford* plea;

- Tran's reassurance to the district court that he would be at his sentencing hearing following the district court's decision to grant his request for a recognizance bond;

- Tran's statement correcting the district court when it misstated his phone number;

- The law enforcement officers' testimony that they had conversed with Tran in English without difficulty;

- Eikenberry's testimony that during his multiple interactions with Tran, he had no concerns regarding Tran's ability to comprehend English;

- Eikenberry's testimony that Tran never requested a Vietnamese interpreter until after his arrest for failing to appear at his original sentencing;

- Eikenberry's testimony that he believed Tran understood his "Acknowledgement of Rights and Entry of Plea" form when they reviewed the form;

- Tran's ability to read complex language upon the State's request at his plea withdrawal hearing; and

9

- Tran's plea withdrawal hearing admission that he understood English "[a] little bit."

When the district court denied Tran's motion to withdraw plea from the bench, the district court cited to much of the preceding evidence. The district court explained that after listening to the recording of Tran's plea hearing, there was "just absolutely no question" that Tran understood English, as well as the terms of his plea agreement with the State. Likewise, the district court relied on Tran's plea hearing statement that he would return to court for his sentencing hearing to reject Tran's later testimony that he did not understand that he needed to return to court for his sentencing hearing when he entered his *Alford* plea.

As a result, when denying Tran's motions, it is readily apparent that the district court made a credibility determination against Tran. It rejected Tran's motion to withdraw plea and motion for appointment of a Vietnamese interpreter because outside of Tran's testimony at his plea withdrawal hearing that he did not understandingly enter his plea based on a language barrier, the record strongly indicated that Tran was fluent in English. In turn, the record strongly indicated that Tran understood the terms of his *Alford* plea.

As argued by the State, we must generally defer to the credibility determinations of the district court. See *DeAnda*, 307 Kan. at 503 (holding that an appellate court cannot reweigh evidence or reassess witness credibility when reviewing a district court's decision for an abuse of discretion). Moreover, in *State v. Macias-Medina*, 293 Kan. 833, 837, 268 P.3d 1201 (2012), our Supreme Court affirmed the district court's denial of Macias-Medina's presentencing motion to withdraw pleas based on the district court's credibility determinations against Macias-Medina. Macias-Medina had moved to withdraw his pleas, in part, because he alleged that his court-appointed interpreter misled him when he entered his pleas. In rejecting Macias-Medina's argument, our Supreme Court said the following about district court credibility determinations:

10

"Perhaps most importantly for our purposes, the same judge presided at the plea hearing and at the motion to withdraw plea hearing. At the plea hearing, the judge was able to observe Macias-Medina when he stated that he understood the nature of the charges against him; that he understood his rights; that he was entering a plea of his own volition; and that he was not threatened or coerced into entering the plea. Thus, when Macias-Medina testified at the plea withdrawal hearing that he had been misled, coerced, and forced to enter a plea, the judge was able to ascertain that such testimony 'did not comport with what occurred at the time of plea,' and to draw a conclusion as to which contradictory testimony was more credible. Likewise, the judge had the opportunity to observe the demeanor of the attorney and interpreter when they contradicted Macias-Medina's characterization of the plea discussions." 293 Kan. at 839.

Undoubtedly, this case is somewhat distinguishable from the *Macias-Medina* case because unlike Macias-Medina, who had a court-appointed interpreter, Tran contends that he did not understandingly enter his plea because he lacked a court-appointed interpreter. Additionally, although the district court judge who presided over Tran's plea withdrawal hearing listened to a recording of Tran's plea hearing, that district court judge did not preside over Tran's plea hearing. Thus, this further distinguishes Tran's case from the *Macias-Medina* case.

Even so, the *Macias-Medina* case is highly instructive. It clearly provides that when there are evidentiary conflicts regarding a defendant's ability to understandingly enter a plea because the defendant's primary language is not English, an appellate court should defer to the district court's credibility determination on this issue. Stated another way, we should defer to the district court's credibility determinations on a defendant's ability to understand his or her plea when the defendant's primary language is not English.

11

As previously noted, in this case, outside of Tran's plea withdrawal hearing testimony to the contrary, all the evidence before the district court indicated that Tran could read, write, and speak English fluently. Because the district court relied on this overwhelming evidence to discredit Tran's plea hearing testimony that he needed an interpreter to understandingly enter his *Alford* plea, we defer to the district court's credibility determination against Tran. Thus, the district court did not abuse its discretion by denying Tran's presentencing motion to withdraw his *Alford* plea, and we affirm the district court.

Notwithstanding the preceding, it is readily apparent that Tran's underlying argument about not understandingly making his plea because he lacked a Vietnamese interpreter is meritless. Tran's argument seemingly hinges on his contention that he did not understand that he had to return to the district court for sentencing when he entered his *Alford* plea. Yet, this argument is wholly disingenuous. Again, after the district court told Tran that he must return for sentencing, Tran responded, "I will be here, Judge." Also, Tran even corrected the district court when it misstated his phone number. Simply put, Tran's appropriate responses and reassurances to the district court at his plea hearing completely undermines Tran's contention that he did not understandingly enter his *Alford* plea because he did not understand that he had to return to the district court for sentencing.

Finally, it is worth pointing out the arguments that Tran has not raised on appeal. Although Tran implies that the district court should have appointed him a Vietnamese interpreter under K.S.A. 75-4351(b), he does not explicitly challenge the district court's denial of his motion to appoint a Vietnamese interpreter. Nor does Tran challenge the district court's decision not to provide him with a Vietnamese interpreter at his plea withdrawal hearing. Also, Tran never challenges the State's opposition of his dispositional departure motion at sentencing.

It is a well-known rule that an appellant waives or abandons any issue not briefed or raised incidentally without analysis. *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019); *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). Here, by not challenging the district court's denial of his motion to appoint a Vietnamese interpreter, the district court's failure to provide him a Vietnamese interpreter at his plea withdrawal hearing, and the State's opposition of his dispositional departure motion at sentencing, Tran has waived and abandoned his ability to argue that either the district court or the State erred by making those decisions.

For the previously discussed reasons, we affirm the district court's denial of Tran's presentencing motion to withdraw his *Alford* plea.

Affirmed.