IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 116,406

STATE OF KANSAS,
*Appellee*,

v.

MARK T. SALARY,
*Appellant*.

SYLLABUS BY THE COURT

1.

Under Kansas Supreme Court Rule 6.02(a)(5), "[e]ach issue must begin with citation to the appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on." (2019 Kan. S. Ct. R. 35).

2.

Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue.

3.

Where an appeal is taken from a conviction or sentence imposed, the judgment of the appellate court is res judicata as to all issues actually raised and those that could have been raised.

1

4.

Allocution errors, including denial of allocution, are reviewed under the statutory harmless error standard.

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed March 29, 2019. Affirmed.

*Mark T. Salary*, appellant, was on the brief pro se.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.: We previously upheld Mark T. Salary's convictions but remanded for resentencing of his hard 50 life sentence in *State v. Salary*, 301 Kan. 586, 343 P.3d 1165 (2015). Following his resentencing, Salary again directly appeals and:

1. challenges the district court's denial of his motion to dismiss;
2. alleges ineffective assistance of trial and appellate counsel;
3. challenges the denial of his motion for exculpatory evidence; and
4. alleges he was denied allocution at resentencing.

We hold the district court did not err and affirm Salary's convictions and sentences.

2

FACTS AND PROCEDURAL HISTORY

Salary was convicted by a jury of one count of first-degree premeditated murder and one count of arson for shooting and killing his uncle, Joe Estell, and setting fire to Estell's home. Salary was sentenced to life imprisonment without the possibility of parole for 50 years (hard 50) for the murder conviction. On appeal, however, we vacated the hard 50 and remanded for resentencing per *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), and this court's later decision in *State v. Soto*, 299 Kan. 102, 322 P.3d 334 (2014). *Salary*, 301 Kan. at 608-09.

Following our decision, the State chose not to seek the hard 50 for the murder conviction, which would require impaneling a jury and presenting facts to support the requested sentence. Instead, the State chose to seek the hard 25, which the judge could constitutionally impose without a jury. Prior to the resentencing hearing, Salary filed several pro se motions and letters to the court. The court denied all of Salary's motions at the resentencing hearing and sentenced him to the hard 25.

We have jurisdiction over this direct appeal under K.S.A. 2018 Supp. 22-3601(b)(3), (4) (life imprisonment, off-grid crime).

Additional facts will be added as necessary to the analysis.

ANALYSIS

Issue 1: *The district court did not err in denying Salary's motion to dismiss.*

In between our decision in Salary's first appeal and the resentencing hearing, he filed a motion to dismiss. He described the motion as a "direct appeal from his conviction" and asserted three errors by the district court:

1. in finding that the alleged murder was particularly heinous, atrocious, or cruel;

2. in failing to instruct the jury on self-defense and the lesser included offense of voluntary manslaughter based on the theory of imperfect self-defense; and

3. in allowing Salary's statement to the police into evidence when Salary had specifically requested that he be able to speak to an attorney.

In addition, Salary alleged prosecutorial misconduct based on the prosecutor's knowledge of the State's key witness' deliberate omission of material facts.

In denying the motion at the resentencing hearing, the court concluded that Salary was arguing issues he either raised or should have raised in his direct appeal. The court declined to return to those issues. It informed Salary that if he wanted to seek post-conviction relief, he would have to wait until after sentencing.

Salary now argues his motion was properly before the district court and, if not, he is entitled to a second direct appeal. Among other things, the State contends Salary's brief fails to comply with Kansas Supreme Court Rules because he fails to cite to the record or identify any caselaw that supports his positions.

*Standard of review*

The district court's denial rationale embraced, without naming, the doctrine of res judicata. The doctrine's applicability is a question of law subject to our unlimited review. *State v. Parry*, 305 Kan. 1189, 1193, 390 P.3d 879 (2017); *State v. Kingsley*, 299 Kan. 896, 899, 326 P.3d 1083 (2014).

*Discussion*

Under Kansas Supreme Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 35), "[e]ach issue must begin with citation to the appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on." Salary's brief fails to pinpoint cite the record—and the State correctly observes he does not cite any authority in support of his positions. Issues not adequately briefed are deemed waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). And failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *State v. Pewenofkit*, 307 Kan. 730, 731, 415 P.3d 398 (2018).

Even if we were to address Salary's arguments in his motion to dismiss, however, the district court noted they were either raised or should have been raised in his first appeal. There, we rejected Salary's arguments that the district court committed reversible error in denying his request for a jury instruction on self-defense or in denying his request for a voluntary manslaughter instruction. *Salary*, 301 Kan. at 598, 602. We additionally rejected his argument that the court committed reversible error in admitting his recorded confession when he invoked his right to counsel during the custodial interrogation. 301 Kan. at 603-07. In short, Salary is barred from raising these arguments again. *Kingsley*,

299 Kan. at 901 (Where an appeal is taken from a conviction or sentence imposed, the judgment of the appellate court is res judicata as to all issues actually raised.).

This leaves Salary's claims of prosecutorial misconduct (more properly labeled prosecutorial error)—and court error in finding the murder was particularly heinous, atrocious, or cruel (a basis for imposing the hard 50 under K.S.A. 21-4636[f]). Although not raised in his first appeal, they could have been raised. They too are barred by res judicata. *Kingsley*, 299 Kan. at 901 (barring claims that were "or could have been raised"). Finally, we have already vacated Salary's hard 50 sentence. As a result, his argument that the district court erred in finding that the murder was particularly heinous, atrocious, or cruel is moot.

Thus, we conclude the court did not err in denying Salary's motion to dismiss at the resentencing hearing.

Issue 2: *Salary is barred from raising ineffective assistance of trial and appellate counsel for the first time on appeal.*

Salary alleges that he received ineffective assistance of trial and appellate counsel regarding (1) the admission of certain photographs of the deceased at trial, and (2) for failing to argue his right to counsel was violated when he requested a lawyer during the first hour of the police interrogation.

The State responds Salary is improperly raising these arguments for the first time on appeal. It further argues that Salary's contentions are conclusory, not supported by any citation to the record, and that the record rebuts his allegations. According to the State, at the hearing to determine the admissibility of his statement under *Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964), Salary never testified that he had

6

invoked his right to counsel during the first unrecorded hour of the interrogation. Rather, trial was the first time he ever said he had wanted a lawyer during that part of the interrogation.

*Standard of review*

To prevail on a claim of ineffective assistance of trial counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]).

To establish ineffective assistance of appellate counsel, defendant must show that (1) counsel's performance, based upon the totality of the circumstances, was deficient in that it fell below an objective standard of reasonableness, and (2) the defendant was prejudiced to the extent that there is a reasonable probability that, but for counsel's deficient performance, the appeal would have been successful. *Miller v. State*, 298 Kan. 921, 929-31, 934, 318 P.3d 155 (2014).

As a general rule, an appellate court will not consider an allegation of ineffective assistance of counsel raised for the first time on appeal. *State v. Dull*, 298 Kan. 832, 839, 317 P.3d 104 (2014). "[G]enerally the factual aspects of a claim of ineffective assistance of counsel require that the matter be resolved through a K.S.A. 60-1507 motion or through a request to remand the issue to the district court for an evidentiary hearing under *State v. Van Cleave*, 239 Kan. 117, 119-21, 716 P.2d 580 (1986). [Citation omitted.]" *State v. Galaviz*, 296 Kan. 168, 192, 291 P.3d 62 (2012). Although an appellate court

7

may consider a claim of ineffective assistance of counsel for the first time on appeal, it may do so only when there are no factual issues and the two-prong ineffective assistance of counsel test can be applied as a matter of law based upon the appellate record. *Wimbley v. State*, 292 Kan. 796, 807, 275 P.3d 35 (2011).

*Discussion*

For Salary's first contention of ineffectiveness, we observe that in his most recent district court proceeding he failed to raise this argument about trial counsel's deficient performance with the photographs. See *Galaviz*, 296 Kan. at 192. And because Salary fails to identify the specific problems, we have insufficient information to analyze this issue for the first time on appeal. *Wimbley*, 292 Kan. at 807. Salary does not ask us to remand for a *Van Cleave* hearing.

As for Salary's second contention, we observe he also failed to raise in the district court the argument about appellate counsel's ineffectiveness regarding his invocation of his right to counsel. More specifically, in his brief Salary argues for the first time that appellate counsel was ineffective for focusing on the second half of the interrogation when he invoked his right to counsel—and not the first half when Salary testified that he also invoked his right.

In addition to the problem of Salary's not raising this issue until appeal, we observe the interrogating officer testified that during the initial, unrecorded part of the interrogation, Salary did not invoke his right to counsel. Without citing the record or any other authority or explaining how or why—Salary now generally alleges that the officer is not credible because of "spoliation" and "perjury." Under these circumstances, we reject his arguments. *Wimbley*, 292 Kan. at 807 (appellate court may consider ineffective

assistance of counsel claim for first time on appeal, but only when no factual issues exist and test can be applied as a matter of law based upon appellate record).

Issue 3:  *The district court did not err in denying Salary's request for exculpatory evidence.*

Salary does not make his argument on this issue clear. He states in his brief that the autopsy report contains exculpatory evidence and that he first requested it before trial. He acknowledges that his trial counsel received the report; but he did not personally receive a copy until 2012. Since then, he has submitted several letters to the court accusing the State of a violation under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). But neither his letters nor his brief specify the nature of the violation or request a new trial. Rather, Salary generally cites the Fifth Amendment Due Process Clause of the United States Constitution as authority for his request. He also cites a number of cases from the United States Supreme Court and federal circuits. Yet he does not attempt to explain how those cases are relevant or support his specific argument.

The State responds that Salary has not established that the autopsy report was withheld from his counsel or even that it is exculpatory. It asks us to reject the argument as meritless.

*Standard of review*

Salary does not cite a standard of review. The State cites the standard of review for a *Brady* violation because Salary appears to have framed this issue as one. This review is de novo with deference to any factual findings. *State v. Warrior*, 294 Kan. 484, 509, 277 P.3d 1111 (2012). A *Brady* violation claim has three components or essential elements: (1) The evidence at issue must be favorable to the accused, either because it is

exculpatory, or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must be material so as to establish prejudice. 294 Kan. at 506.

*Discussion*

On September 17, 2015, which was after the resentencing hearing, Salary filed a "motion for exculpatory matter." In it he moved the "court for entry of an order requiring the state prosecutor to disclose to the defendant, in advance of trial, the matters, or classes of matter, and all information or documents pertaining thereto, as are hereinafter set forth and described." Salary then included 33 pages of excerpts—from what appears to be an unidentified criminal procedure treatise—regarding various criminal legal issues. He provided no argument or factual contentions.

The State filed a response on November 18, 2015. It argued the motion should be summarily denied because the case had already been disposed of by jury trial. It also contended all discovery Salary was entitled to under K.S.A. 2015 Supp. 22-3212, including exculpatory evidence, had already been provided.

By order dated March 29, 2016, the district court summarily denied the motion. It held that Salary's underlying criminal case had been adjudicated by way of jury trial, his direct appeal ruled upon and judgment rendered by the Supreme Court, and his resentencing concluded. The court concluded that the discovery Salary requested was provided and completed pursuant to statute. And there was no longer any pending case before the court.

In his brief, Salary states he requested "specific exhibits" and "specific medical documents" in letters to the court on June 12, July 8, August 10, and August 18, 2015.

Admittedly, letters to the court exist for some of those dates. But none request specific exhibits.

On June 12, 2015, Salary filed a letter in the court with a request for supporting counsel. There are no filings in July, however. One of the two August 10 filings is the motion to dismiss discussed above in Issue 2. And the other is a "motion to discover," in which Salary asked the court to reexamine State's Exhibit 30 and 31 showing the location of the gunshots on the victim. In that same motion, Salary also referred to photos (Exhibits 35, 36, and 37) and asked the court to allow him to consult with forensic experts. Finally, nothing was filed on August 18—although a week later Salary filed this motion for exculpatory matter.

Even giving Salary all benefit of the doubt, however, he is unclear on what exculpatory evidence he seeks that he does not already have. He also fails to provide any record citations or supporting authority in his brief. See Kansas Supreme Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 35) ("Each issue must begin with citation to the appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on. If the issue was not raised below, there must be an explanation why the issue is properly before the court."). So, and because his brief fails to comply with this court's rules, we must deem this issue waived or abandoned. *State v. Arnett*, 307 Kan. at 650 (issues not adequately briefed are deemed waived or abandoned).

11

Issue 4: *The district court did not engage in judicial misconduct in denying Salary's right to allocution.*

Salary argues the judge was biased against him and violated judicial canons 1 and 2 by not allowing him to present evidence of his innocence at the resentencing hearing in violation of his right to allocution under K.S.A. 2018 Supp. 22-3424(e)(4).

The State responds that the resentencing judge properly controlled the courtroom proceedings and did not deny Salary his right to allocution. According to the State, the record clearly shows that the judge asked Salary if he had anything to say in mitigation of his sentence. And the judge only cut Salary's response short when it became apparent Salary wanted to reargue the entire case. The State also argues that because the judge afforded Salary his right to speak in mitigation, Salary's contentions are meritless. But if error occurred, it is harmless.

*Standard of review*

Salary argues that denial of allocution is discriminatory and violates his constitutional rights. But allocution under K.S.A. 2018 Supp. 22-3424(e) is a statutory right. And if any error exists, it can be harmless. See *State v. Haney*, 299 Kan. 256, 261-62, 323 P.3d 164 (2014) (applying harmless error analysis for violation of statutory rights for failure to comply with K.S.A. 2013 Supp. 22-3424[e][4]). Under the harmlessness test where an error implicates a statutory right, the party benefiting from the error must persuade the court there is no reasonable probability the error affected the outcome in light of the entire record. *State v. McCullough*, 293 Kan. 970, 983, 270 P.3d 1142 (2012).

12

*Discussion*

K.S.A. 2018 Supp. 22-3424(e)(4) requires that before imposing sentence, the court shall: "address the defendant personally and ask the defendant if the defendant wishes to make a statement on the defendant's own behalf and to present any evidence in mitigation of punishment."

Here, the court did provide Salary the opportunity to make any statements he might have about his punishment, stating: "This is the mitigation part if you have anything you want to tell me about the sentence I'm about to impose upon you." When Salary started to argue that the jury had been lied to, however, the court stopped him. It informed Salary that this part of the proceeding was not about the trial but about the sentence soon to be imposed.

Salary asked if this was the allocution process where he gets to present evidence, and if so, he was attempting to present evidence. The court stopped him again, stating: "You've been convicted of the crime and I'm not going over the evidence in this case. Now, if you want to say that they had weak evidence and you deserve a less of a sentence, then I'll listen to that. But that's what I'm here about right now."

Salary returned to his assertion that the jury was lied to. The court sought clarification, asking if that was his argument that would prevent sentencing. Salary replied, no, the court had not heard his argument "because you will not allow me to present my argument because when I'm trying to show you proof that the jury were lied to, you are denying me that."

The court told Salary that he was making a post-conviction type of argument. Salary responded that it was about the sentence and if this was not the allocution process

13

and not his time to present evidence, then he had nothing to say. The court replied, "Well, this is not the time to present evidence."

The State interjected its understanding that the Supreme Court had only remanded for resentencing on the murder conviction. It explained that because it had opted not to seek the hard 50, the mandatory sentence in the case was life imprisonment without the possibility of parole for 25 years (hard 25) and the rest of the sentence should remain intact. The court agreed and proceeded to impose the mandatory hard 25 life sentence.

Even if the sentencing court erred in generally stating that the hearing was not the time to present evidence, Salary does not explain what statement he would have made, what evidence he would have presented, or what harm he suffered. Instead, he argues in his brief that denial of allocution is akin to an illegal sentence. We have previously rejected that argument. See *State v. Mebane*, 278 Kan. 131, 91 P.3d 1175 (2004). On remand, once the State decided not to seek the hard 50, the hard 25 was the only available sentence. So if there was any allocution error, we hold it was harmless. *McCullough*, 293 Kan. at 983 (no reasonable probability error affected outcome in light of entire record).

The judgment of the district court is affirmed.