NOT DESIGNATED FOR PUBLICATION

No. 121,148

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUAN ALONSO CORDERO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Stevens District Court; CLINT B. PETERSON, judge. Opinion filed May 8, 2020. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Paul F. Kitzke*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BUSER and BRUNS, JJ.

PER CURIAM: Juan Alonso Cordero asked the district court to withdraw his no contest plea to one count of making a criminal threat before he was sentenced. The court denied his motion because it did not believe his claims that his lawyer had deceived him. As an appellate court, we do not reweigh the evidence and will not assess the credibility of witnesses. Thus, we affirm.

1

*Case history.*

The State charged Cordero with one count of domestic battery and one count of making a criminal threat—both are person felonies. Cordero's sister and parents were the alleged victims. Cordero had three prior convictions for domestic battery. At his arraignment, Cordero decided to enter a plea of no contest to the count of criminal threat. In exchange, the State offered to dismiss the count of domestic battery.

Just before his sentencing, his lawyer told the court that Cordero wanted to withdraw his plea because Cordero claimed he did not adequately tell him of the consequences of exercising that plea. Because Cordero alleged his lawyer failed to adequately represent him, counsel asked to withdraw. The district court granted counsel leave to withdraw and appointed a new lawyer to represent Cordero. Cordero's new attorney moved to withdraw his plea, stating that Cordero did not understand the consequences of his plea and he believed he was not guilty and would succeed at trial.

At the hearing on his motion, Cordero testified that Seth Jones, his former lawyer, explained his case to him but he was confusing. Cordero testified that Jones told him he was going to prison. Cordero gave contradictory testimony in explaining that he wanted a plea that would give him probation and Jones made him think he would get probation, but then Jones "told me I was getting prison time." Cordero testified that Jones told him before his preliminary hearing that he would be sentenced to prison and there was "no way out of it."

Cordero testified that at first, he did not want to go to trial. He decided he wanted a trial when he realized he would go to prison. Cordero claimed that Jones reviewed his criminal history and the sentencing guidelines with him but told him he was presumptive probation; that was why he took the plea. Cordero claimed he would not have entered a plea if he had known he was going to prison. Cordero could not remember the

2

conversation with Jones about the possibility of probation and said he was unfamiliar with the term "depart." Cordero felt like Jones was trying to get him to take a plea by telling him it would be better to not take his case to trial. Even so, when his attorney asked if he understood the consequences of his plea, he answered, "Yeah."

On cross-examination, Cordero acknowledged the court would decide his sentence, not the plea agreement. He also acknowledged that the parties never recommended probation as part of the agreement and they never discussed probation as an option in court. Cordero further acknowledged that Jones explained to him that the State could issue material witness warrants for his family members if they failed to appear under subpoena. Cordero said he did not want that to happen to his family, so he entered his plea.

In contrast, Jones testified that he met with Cordero several times before his arraignment. They reviewed Cordero's criminal history and Jones told him that he likely had a criminal history score of A, and if he was convicted, he would probably go to prison. Jones also testified that he told Cordero he was, in all likelihood, presumptive prison at both preliminary hearings, before his arraignment, and then again at sentencing. Jones showed Cordero on the sentencing grid where a severity level 9 felony intersects with a history score of A and determined he would receive around 16 months in prison.

Jones raised another consideration. The charges here were filed in August 2018, and a month later Cordero was convicted in another case and sentenced to one year in the county jail. Jones explained that was the reason Cordero opted to enter his plea to criminal threat rather than domestic battery; he did not want to do any more time in the county jail and preferred to serve his sentence in prison. In Jones' experience representing Cordero, this decision was "normal" for him because in another case, Cordero opted to serve time in the county jail rather than serve probation.

Jones testified the State never offered probation. Jones told Cordero he would ask the State about probation, but when he did, the State did not agree. Jones testified he explained the option of filing for a dispositional departure to ask the court to give him probation when he was presumptive prison. Jones never promised Cordero he could get probation; he just told Cordero there was a motion they could file. Cordero did not want to file the motion for a departure; Jones testified Cordero just wanted to move forward.

Jones denied threatening Cordero. He told Cordero whether to enter the plea was his decision and he could still move forward with a trial. Jones told Cordero before he entered his plea that he could still back out of it. They spoke about the pros and cons for about an hour before Cordero's arraignment when he entered his plea.

The district court denied Cordero's motion to withdraw his plea. The court found Cordero was not a credible witness and specified several reasons for this determination. The district court also found Jones was a credible witness and found that he did what was expected of him in his representation of Cordero.

Cordero contends that the court's denial of his motion should be reversed because he "showed the district court fair and just reasons why he should be allowed to withdraw his plea." The State argues the district court should be affirmed because Cordero failed to meet his burden to establish the district court's denial of his motion was an abuse of discretion. We agree with the State.

*We recite the rules we must follow.*

A defendant's presentence plea of guilty or nolo contendere may be withdrawn "for good cause shown and within the discretion of the court . . . ." K.S.A. 2019 Supp. 22-3210(d)(1). On appeal, the defendant must establish that the trial court abused its

discretion in denying a presentence motion to withdraw a plea. *State v. DeAnda*, 307 Kan. 500, 503, 411 P.3d 330 (2018).

A judicial action constitutes an abuse of discretion if it is:

- arbitrary, fanciful, or unreasonable;
- based on an error of law; or
- based on an error of fact.

*State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Three factors—known as the *Edgar* factors—guide a district court's consideration of whether a defendant has shown good cause as K.S.A. 2019 Supp. 22-3210(d)(1) requires to withdraw a plea prior to sentencing:

- whether the defendant was represented by competent counsel;
- whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and
- whether the plea was fairly and understandingly made.

*State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014) (citing *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 [2006]).

These factors are not to be applied mechanically and to the exclusion of other factors. *Fritz*, 299 Kan. at 154. These factors establish "'viable benchmarks'" for the district court when exercising its discretion, but the court should not ignore other facts that might exist in a case. *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016).

*We apply the rules to this case.*

Basically, Cordero argues that he:

- was not represented by competent counsel;

- was coerced; and

- did not enter his plea with an understanding of all the consequences.

He argues that Jones coerced him into entering a plea by informing him that the State could issue material witness warrants for his family if they failed to appear. But we note that he does not argue that Jones' information was inaccurate, and he fails to explain how this information was coercive. Issues not adequately briefed are considered waived or abandoned. *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019).

From there, he centers his argument on his claim that the district court made findings of fact unsupported by substantial competent evidence and it thus abused its discretion when it denied his motion to withdraw his plea. Cordero points to several findings from the court's decision to show its errors of fact:

- Cordero's lack of specificity on how Jones misled him;

- Cordero lied to the court about his claim that Jones told him he was presumptive probation;

- Cordero was either lying or being foolish in claiming he was sarcastic with Jones about not wanting to do any more time in the county jail and preferred to go to prison; and

- Cordero's experience in court based on his criminal history and his prior self-representation meant he was familiar with court proceedings and used delay tactics in his case.

6

We are not so persuaded. When we read the findings in context with the rest of the motion hearing transcript, these examples of the district court's findings were not factual findings in support of denying Cordero's motion. Rather, they were observations in support of the district court's finding that Cordero was not credible. Because the district court did not find Cordero to be a credible witness, his claims on Jones misleading him and telling him he was presumptive probation were unsupported. Cordero offered no other evidence to support his reasons for withdrawing his plea. The district court thus found Cordero did not meet his burden to establish good cause to withdraw his plea.

Cordero's claims on appeal, that he did not know what "presumptive probation" meant and that Jones made him think he would get probation if he entered a plea, were based on his own testimony. The district court found Cordero's testimony was not credible and found Jones' testimony was credible. Despite framing this issue as a challenge to the district court's factual findings, it is really a challenge to the court's finding that Cordero was not a credible witness.

We will not second-guess a trial court's credibility determination and weigh Cordero's testimony as more persuasive than that of Jones. Simply put, appellate courts do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations. See *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018).

Thus, we affirm the district court's denial of Cordero's motion to withdraw his plea.

Affirmed.