NOT DESIGNATED FOR PUBLICATION

No. 121,565

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NILO I. PENA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; SALLY D. POKORNY, judge. Opinion filed March 5, 2021. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM: Nilo I. Pena appeals his convictions for possession of heroin and drug paraphernalia, contending the district court erred by placing "guilty" before "not guilty" on the jury verdict forms. This argument has been presented to our appellate courts for over 30 years, and Pena's recrafted argument is not persuasive. We find no error by the district court in the jury verdict forms submitted to the jury. We affirm.

1

The facts involving the underlying crimes are not germane to the issues on appeal. The record reflects Pena was found guilty by his jury of one count of possession of heroin, a severity level 5 drug felony, in violation of K.S.A. 2017 Supp. 21-5706(a); and one count of possession of drug paraphernalia, a class B nonperson misdemeanor, in violation of K.S.A. 2017 Supp. 21-5709(b)(2). Before trial, Pena's defense counsel submitted proposed jury instructions that included a verdict form listing "not guilty" before "guilty" for each alleged offense.

At Pena's one-day jury trial, Pena's counsel objected to the placement of "guilty" before "not guilty" on the verdict forms during the instruction phase of the jury trial. In making the objection, Pena's counsel explained that "Mr. Pena is entitled to the presumption of innocence and I believe not guilty should be the first option, but I have the understanding that the Court has heard this objection many times before." The district court overruled Pena's objections.

The district court then instructed the jury, in part, that "[t]he State has the burden to prove the defendant is guilty. The defendant is not required to prove he is not guilty. You must presume that he is not guilty unless you are convinced from the evidence that he is guilty." The verdict forms adopted by the district court listed the "guilty" option before the "not guilty" option for each offense.

The jury found Pena guilty on both counts. Pena was sentenced to 37 months of imprisonment on the felony conviction for possession of heroin and a concurrent sentence of 6 months in jail on the misdemeanor conviction for possession of drug paraphernalia, with 24 months of postrelease supervision.

On appeal, Pena claims the district court violated his presumption of innocence by listing the "guilty" option before the "not guilty" option on the verdict forms, thus denying him the right to a fair trial.

*Standard of Review*

"While a verdict form is not technically a jury instruction, it is part of the packet sent with the jury which includes the instructions and assists the jury in reaching its verdict. It is appropriate to apply the same standard of review applicable to the review of instructions." *Unruh v. Purina Mills*, 289 Kan. 1185, 1197-98, 221 P.3d 1130 (2009). As a result, we apply the three-step process used to analyze jury instruction issues, which involves:

> "'(1) determining whether the appellate court can or should review the issue, *i.e.*, whether there is a lack of appellate jurisdiction or a failure to preserve the issue for appeal; (2) considering the merits of the claim to determine whether error occurred below; and (3) assessing whether the error requires reversal, *i.e.*, whether the error can be deemed harmless.' [Citation omitted.]" *State v. McLinn*, 307 Kan. 307, 317, 409 P.3d 1 (2018).

At the second step, we consider whether the instruction was legally and factually appropriate. 307 Kan. at 318. Because the only issue raised on appeal here is whether the verdict form provided to the jury was legally appropriate, we exercise unlimited review. See *State v. Johnson*, 304 Kan. 924, 931, 376 P.3d 70 (2016).

*Discussion*

Pena requested the verdict forms be changed by placing "Not Guilty before Guilty" in the instructions he submitted to the district court and again just before the jury instructions were presented to the jury. However, the district court overruled Pena's objection. Thus, the issue is preserved for appeal.

Both parties direct us to *State v. Wesson*, 247 Kan. 639, 652, 802 P.2d 574 (1990), *cert. denied* 501 U.S. 1236 (1991), *disapproved of on other grounds by State v. Rogers*, 282 Kan. 218, 144 P.3d 625 (2006), where our Supreme Court found more than 30 years ago there is no prejudice to a defendant when the "guilty" option precedes the "not guilty" option on the verdict form. In reaching this conclusion, the *Wesson* court explained that the presumption of innocence instruction would "cure any possibility of error." 247 Kan. at 652. Our Supreme Court then reaffirmed its *Wesson* holding in *State v. Wilkerson*, 278 Kan. 147, 159, 91 P.3d 1181 (2004).

Pena asks us to adopt a change in the law, arguing the *Wesson* court's holding is "no longer persuasive in the face of new peer-reviewed information regarding choice behavior." As support, Pena references a 2012 behavioral study that "confirms a bias against a defendant when 'guilty' is designated as the first choice on verdict forms." See Carney and Banaji, *First is Best*, 7 PLOS One, No. 6, 1-3 (June 2012), https://journals.plos.org/plosone/article/file?id=10.1371/journal.pone0035088. Pena now suggests the results of this study "conclusively demonstrate" that the verdict form used here was "slanted in favor of conviction and contrary to the presumption of innocence." Pena's argument is not persuasive.

The State points out the verdict forms used here are from the PIK instructions, a point which Pena never addresses in his brief. See PIK Crim. 4th 68.030 (2012 Supp.); PIK Crim 4th 68.040 (2012 Supp.); PIK Crim. 4th 68.070 (2012 Supp.). Our Supreme Court "'strongly recommend[s] the use of PIK instructions, which knowledgeable committees develop to bring accuracy, clarity, and uniformity to instructions.'" *State v. Butler*, 307 Kan. 831, 847, 416 P.3d 116 (2018). Moreover, as the *Wesson* court recognized, jurors are reminded the State must prove a defendant's guilt to secure a conviction and the inclusion of a legally appropriate instruction on the presumption of innocence cures the possibility of any alleged error in the order of the options presented on the verdict form. 247 Kan. at 652. Here, the district court instructed the jury on the

4

presumption of innocence: "The State has the burden to prove the defendant is guilty. The defendant is not required to prove he is not guilty. *You must presume that he is not guilty unless you are convinced from the evidence that he is guilty*." (Emphasis added.) The given instruction mirrors the language recommended by PIK Crim. 4th 51.010 (2017 Supp.) and accurately informed the jury of its role at trial.

Finally, the study cited by Pena does not outweigh our Supreme Court's precedent approving the verdict forms used during his trial. As the State notes, the results of the study were essentially based on "snap judgments" and have little relevance to the complex, deliberative process undertaken by jurors in a criminal trial. Simply put, Pena has not shown jurors will always favor a "guilty" verdict because it is the first option presented on the verdict form.

Our Supreme Court has approved the placement of "guilty" before "not guilty" on the verdict form for more than 30 years, and Pena provides no support for his argument our Supreme Court has changed or is going to change its position on the issue. In fact, the opposite has just happened in *State v. Fraire*, 312 Kan. ___, 2021 WL 646486, at *8 (2021), where the Kansas Supreme Court reaffirmed the longstanding holdings in *Wesson* and *Wilkerson* when it said: "Fraire makes no showing at all that the order in which the verdict form presents the options has any bearing on the likelihood of a jury reaching one verdict or the other. . . . Fraire gives this court no reason to depart from *Wesson* and *Wilkerson*."

We are duty-bound to follow Kansas Supreme Court precedent and now there is no indication our Supreme Court is departing from its previous position. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017); see also *State v. Salary,* 309 Kan. 479, 481, 437 P.3d 953 (2019) (failure to support argument with pertinent authority akin to failing to brief issue). The district court did not err in providing the approved PIK

verdict forms to the jury to answer the question whether Pena was guilty or not guilty of the crimes with which he was charged.

Affirmed.