NOT DESIGNATED FOR PUBLICATION

No. 124,945

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interest of I.S.,
A Minor Child.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; GREGORY D. KEITH, judge. Opinion filed December 23, 2022. Affirmed.

*Jordan E. Kieffer*, of Jordan Kieffer, P.A., of Bel Aire, for appellant natural father.

*Julie A. Koon*, assistant district attorney, and *Marc Bennett*, district attorney, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and MALONE, JJ.

PER CURIAM: R.S. (Father) appeals the district court's decision to terminate his parental rights to his son, I.S. Father does not challenge the district court's determination he was unfit to parent I.S. Instead, Father claims that his trial counsel rendered ineffective assistance. He asserts that trial counsel failed to request a continuance at the termination hearing after he allegedly told Father one would be requested. If counsel had secured a continuance, Father argues he would have had more time to establish his ability to parent I.S. Because we find Father's claims are unsupported by the record before us, we affirm.

FACTUAL AND PROCEDURAL HISTORY

S.S. (Mother) and Father are the parents of I.S, who was born in September 2014.

1

In April 2020, I.S. was placed in police protective custody due to allegations of sexual abuse, unhealthy living conditions, and concerns about Mother's substance abuse. At the time, I.S. lived with Mother, while Father lived separately. A Kansas Department for Children and Families (DCF) employee interviewed Father after I.S. had been placed in protective custody, and Father reported he last saw I.S. three to four weeks before the interview. Father also reported he was not listed on I.S.'s birth certificate, and he did not pay child support. As a result, paternity had not yet been definitively established.

Father was appointed an attorney. Father did not show up at any subsequent hearings or participate in a reintegration plan, even though he received notice of all hearings. He requested paternity testing before he would begin working court orders. I.S. remained in DCF custody.

In February 2021, the State filed an amended child in need of care petition and motion for finding of unfitness and termination of parental rights for both Mother and Father. The motion alleged Father was unfit because he failed to utilize services offered to him, failed to participate in the case, failed to maintain a stable living environment, failed to complete court orders, failed to request—or attend—any visitations since the case began, continued to engage in criminal activity, and failed to modify his lifestyle to put him in a position to provide I.S. with appropriate care. The district court held a review hearing later that month, and Father appeared.

Almost a year after I.S. was placed in DCF custody, in March 2021, the district court ordered Father to submit to genetic testing to definitively establish paternity. In April 2021, the district court held a review hearing, and neither Mother nor Father appeared. During the hearing, the State admitted the paternity testing results from the test taken the month before, and the district court concluded Father was I.S.'s natural parent. The district court then ordered I.S. to remain in DCF custody and scheduled the termination hearing later the same month.

The termination hearing took place as scheduled, and neither Mother nor Father appeared. The State proffered it served Father by publication, and Father had been served with the motion to terminate at the review hearing in February 2021 and notified of the pretrial date at that time. Father's attorney expressed no concerns about the adequacy of service to Father, told the district court that Father had not contacted him for some time, and said Father had not been working the case.

The termination hearing proceeded, and the State proffered its motion for a finding of unfitness and termination of Father's parental rights. The State also moved to admit a report prepared by Saint Francis Ministries, which was admitted without objection. The report showed that Father had essentially no involvement with the case since it began. Based on the motion and the report, the district court found Father was unfit due to: (1) the failure of reasonable efforts made by appropriate public or private agencies to rehabilitate the family—K.S.A. 38-2269(b)(7); (2) a lack of effort on Father's part to adjust his circumstances, conduct, or conditions to meet I.S.'s needs—K.S.A. 38-2269(b)(8); (3) a failure to maintain regular visitation, contact, or communication with I.S. or his custodian—K.S.A. 38-2269(c)(2); and (4) a failure to carry out a reasonable plan approved by the court directed toward reintegration of I.S. into Father's home—K.S.A. 38-2269(c)(3).

Father timely filed a notice of appeal.

ANALYSIS

In this appeal, Father does not challenge the district court's determination he was unfit to parent I.S. Instead, Father claims, for the first time on appeal, that his trial counsel rendered ineffective assistance for failing to request a continuance at the termination hearing. Father claims he tested positive for Covid-19 two days before the termination hearing, which he allegedly told trial counsel. In response, trial counsel

3

allegedly told Father that a continuance would be requested and Father did not need to appear. Father also claims he did not have time to work the district court's orders in the case because paternity had not been definitively established until a week before the termination hearing. Based on counsel's ineffectiveness in not securing a continuance, he argues he was deprived of an opportunity to complete court orders—and thereby retain his parental rights.

An appellate court may consider a claim of ineffective assistance of counsel for the first time on appeal only when there are no factual issues, and the two-prong ineffective assistance of counsel test can be applied as a matter of law based on the appellate record. *State v. Salary*, 309 Kan. 479, 483-84, 437 P.3d 953 (2019). Otherwise, the case must be remanded to the district court to determine the factual aspects of counsel's performance. See *State v. Van Cleave*, 239 Kan. 117, 119-21, 716 P.2d 580 (1986). That said, it has not been fully determined whether the *Van Cleave* remand procedure applies in termination cases. See *In re L.B.*, No. 124,538, 2022 WL 2392681, at *3 (Kan. App. 2022) (unpublished opinion).

But even assuming the *Van Cleave* remand procedure applies, an appellate court is not obligated to sua sponte remand for a *Van Cleave* hearing if the appellant fails to request a remand for such a hearing. See *Mundy v. State*, 307 Kan. 280, 299-300, 408 P.3d 965 (2018). Father makes no such request here. Instead, he asks that we find his counsel ineffective based on the record before us.

For Father to succeed on appeal, he has the burden to establish ineffective assistance by showing (1) trial counsel's deficient performance; and (2) "prejudice, i.e., that there is a reasonable probability the jury would have reached a different result absent the deficient performance." *Salary*, 309 Kan. at 483.

*Father cannot establish the first prong of his claim, deficient performance.*

Father cannot establish deficient performance based on the record before us. There is no evidence in the record to support: (1) Father's claim he tested positive for Covid-19; (2) Father's claim he told trial counsel about the positive test; and (3) Father's claim that trial counsel told him a continuance would be requested. Father's brief acknowledges that the transcript of the termination hearing contains nothing concerning a continuance. Instead, Father's trial counsel told the district court Father had not been in contact, and Father had not given any instructions regarding how to proceed. Without any evidence to support his claim, he has failed to meet his burden of proof to establish his attorney's ineffectiveness.

*Father cannot establish the second prong of his claim, prejudice.*

Father also cannot establish prejudice because his brief is devoid of any discussion or argument about the likelihood of success of any motion for a continuance. Presumably, Father believes that he would have had more time to work the case if trial counsel had moved for a continuance and the district court granted the motion. Had Father been given more time, he believes the district court would not have found him unfit and terminated his parental rights. But Father does not challenge the sufficiency of the evidence, and his argument is entirely speculative. Given Father's lack of effort in the case after I.S. was placed in DCF custody and after paternity had been established, it is anything but a foregone conclusion that any continuance would have been granted—particularly with no proof of Father's claimed health status.

For these reasons, we decline Father's invitation to find his counsel was ineffective and instead affirm the decision of the district court terminating his parental rights to I.S.

Affirmed.

5