NOT DESIGNATED FOR PUBLICATION

No. 128,728

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

R.A.H.,
*Appellee*,

v.

J.T.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Brown District Court; LAURA JOHNSON-MCNISH, judge. Submitted without oral argument. Opinion filed April 3, 2026. Appeal dismissed.

*William C. O'Keefe*, of O'Keefe Law Office, of Seneca, for appellant.

*Benjamin N. Romney*, of Kansas Legal Services, of Seneca, for appellee.


Before PICKERING, P.J., CLINE, J., and CAREY L. HIPP, District Judge, assigned.


PER CURIAM: J.T. appeals a final protection from abuse order issued under the Protection from Abuse Act, K.S.A. 60-3101 et seq. The district court granted R.A.H.'s petition after finding J.T. intentionally or recklessly caused her bodily injury on multiple occasions. J.T. appeals. Upon review, we dismiss the appeal due to Appellant's failure to comply with the rules of appellate procedure.

1

FACTUAL AND PROCEDURAL BACKGROUND

R.A.H. and J.T. were neighbors who maintained an on-again, off-again romantic relationship for about nine years. In early 2024, R.A.H. underwent hip replacement surgery and was hospitalized for 19 days. Following her return home, R.A.H. alleges J.T. committed multiple acts of physical abuse against her between March and July of 2024, including pushing her down, slapping her face, hitting her arm, and striking her nose with a knife. R.A.H. presented photographic evidence of her injuries. J.T. denies ever hitting R.A.H., though he acknowledges he "restrained" her when she would hit him with her cane or throw objects. On July 11, 2024, R.A.H. filed a petition for protection from abuse. After a hearing, the Brown County District Court granted a final protection order, finding R.A.H. proved by a preponderance of the evidence that J.T. intentionally or recklessly caused her bodily injury on multiple occasions. J.T. filed a motion for a new trial, which the district court denied in a detailed memorandum decision dated December 10, 2024.

ANALYSIS

*J.T.'s brief fails to comply with Supreme Court Rules.*

Under Supreme Court Rule 6.02(a)(3), an appellant's brief must contain "[a] brief statement, without elaboration, of the issues to be decided." (2026 Kan. S. Ct. R. at 36). Instead, J.T.'s first issue states, "Can a man break off a love-hate relationship of many years without being found to have abused the woman?" J.T.'s second issue on appeal states, "Is a Judge prejudice [*sic*] when she controls the case without [a] fair hearing of all the evidence especially cross-examination of the witness and evidence?" These issues, as framed by J.T., are purely rhetorical questions. J.T.'s brief does not contain a concise issue to be decided on appeal. Issues not adequately briefed are deemed waived or abandoned. *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018).

2

Kansas appellate courts have recognized that noncompliance with briefing rules does not automatically require dismissal, but they look to whether the brief adequately identifies the issues and permits meaningful review. See *State v. Allen*, 49 Kan. App. 2d 162, 166-68, 305 P.3d 702 (2013) (explaining appellate court "'may dismiss an appeal due to a *substantial* failure to comply with these rules'"); *Capitol Federal Savings Bank v. Fields*, No. 119,585, 2020 WL 1650030, at *2-3 (Kan. App. 2020) (unpublished opinion). Wholesale failure to comply with multiple requirements of Rule 6.02(a) allows this court the ability to decline to consider an appellant's claims and deem them waived and abandoned. See *State v. Salary*, 309 Kan. 479, 486, 437 P.3d 953 (2019).

Pursuant to Rule 6.02(a)(5), each issue must begin with a citation to the appropriate standard of appellate review. While J.T.'s brief cites several cases, it is unclear whether the applicable standard of appellate review has been cited. J.T.'s failure to adequately frame the issues on appeal also prevents a citation to the appropriate appellate standard of review. Failure to support a point with pertinent authority or failure to show why a point is sound despite a lack of supporting authority, or in the face of contrary authority, is like failing to brief the issue. *In re Adoption of T.M.M.H.*, 307 Kan. 902, 912, 416 P.3d 999 (2018); see Rule 6.02(a)(4).

J.T.'s brief also fails to request a remedy. Instead, the brief lists more rhetorical questions, such as "[a]t what point does the findings become so liberal that a man can or cannot withdraw from the relationship." And in closing, instead of a request for a particular disposition, J.T. asks: "Why can't a man get out of a relationship by saying 'I am done' and not be charged? . . . Is there no way for a man to get out of a relationship?" J.T. never states whether he seeks reversal of the protection order, a remand for a new hearing, or some other remedy.

*J.T.'s failures to adhere to Supreme Court Rules prevent meaningful review of the issues.*

J.T.'s brief does not meet the procedural requirements of Supreme Court Rule 6.02(a)(3) and (a)(5) and further fails to request a remedy. These substantial deficiencies prevent this court from a meaningful review of the merits. The party alleging an error occurred has the burden of designating a record that establishes the claimed error. Without such a record, an appellant's claim of error fails. *State v. Liles*, 313 Kan. 772, 783, 490 P.3d 1206 (2021).

The Kansas Supreme Court has warned litigants that Rule 6.02(a)(5) would be "strictly enforced." *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015). This adherence to the rules may appear harsh, but the Kansas Supreme Court has increasingly stressed the importance of strict compliance with Supreme Court Rules, regardless of the result. See *Schutt v. Foster*, 320 Kan. 852. 855-60, 572 P.3d 770 (2025).

J.T.'s briefing deficiencies prevent meaningful review of the merits. Thus, we dismiss the appeal.

Appeal dismissed.