NOT DESIGNATED FOR PUBLICATION

No. 122,331

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEREMIAH J. TAFOLLA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed June 11, 2021. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., MALONE and GARDNER, JJ.

POWELL, J.: Jeremiah J. Tafolla appeals the district court's revocation of his probation and imposition of his underlying prison sentence. He claims the district court lacked the authority to revoke his probation because it had not previously imposed the required intermediate sanctions. We disagree because Tafolla was given a dispositional departure to probation at sentencing, meaning he was not entitled to any intermediate sanctions prior to having his probation revoked. Thus, we affirm.

1

The State charged Tafolla with one count of violating the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq., by failing to register as required on February 1, 2019, a severity level 5 person felony.

Pursuant to a plea agreement, Tafolla pled guilty as charged in exchange for a joint sentencing recommendation that the district court impose the high number in the applicable sentencing guidelines gridbox but grant him a dispositional departure to probation. The joint recommendation for a dispositional departure was based on the age of Tafolla's prior person felony convictions, the role mental health played in his KORA violation, his willingness to comply with KORA going forward, and his agreement to obtain drug and alcohol and mental health evaluations and follow their recommendations.

At Tafolla's September 17, 2019 sentencing, the district court found his criminal history score to be A and followed the parties' recommendations by sentencing Tafolla to 136 months' imprisonment. Consistent with the plea agreement, the district court also granted Tafolla a downward dispositional departure to probation for 36 months.

Just one week after being sentenced, Tafolla violated his probation by submitting a urine sample that tested positive for "Meth/Amphetamines," as well as cocaine and THC. On October 23, 2019, Tafolla admitted to the probation violation, waived his rights to counsel and an evidentiary hearing, and agreed to serve a two-day intermediate jail sanction, which was approved by the district court.

Just over a month later, on November 27, 2019, the State sought to revoke Tafolla's probation by alleging in a warrant that Tafolla submitted a urine sample that tested positive for amphetamines and methamphetamines on November 14, 2019.

At the probation violation hearing held December 12, 2019, Tafolla, represented by appointed counsel, again waived his right to an evidentiary hearing and admitted to the violations. The State requested Tafolla's probation be revoked and he be ordered to serve his underlying prison sentence, asserting Tafolla was no longer amenable to probation due to his criminal history, his receipt of a downward dispositional departure, and the very short time between his sentencing and his two probation violations. Tafolla's counsel acknowledged that Tafolla's probation was the result of a dispositional departure but asserted that Tafolla was struggling with substance abuse and requested continued probation. Tafolla personally acknowledged his failure to put his substance abuse behind him, and he requested inpatient treatment so he could work on treating his addiction.

The district court explained that Tafolla's criminal history was A and that he only received probation because of a dispositional departure. The district court noted that one of the bases upon which it had granted that departure was Tafolla's "willingness to engage in mental health treatment and to undergo a drug and alcohol evaluation and follow all recommendations." The district judge commented Tafolla knew "how the system worked and what was expected of [him]." As for Tafolla's substance abuse problem, the district judge commented Tafolla was "set up to succeed. But [he has not] done what [he was] supposed to do in the interim." The district court ultimately revoked Tafolla's probation and ordered him to serve his 136-month prison sentence.

Tafolla timely appeals.

ANALYSIS

While acknowledging he never asked the district court to impose an intermediate sanction, for the first time on appeal Tafolla argues that K.S.A. 2018 Supp. 22-3716(c) required the district court to impose intermediate sanctions before revoking his probation. He further claims the district court wrongly failed to invoke one of the statutorily

3

authorized exceptions to the intermediate sanctions requirement before doing so. The State counters that as Tafolla was granted probation because of a dispositional departure, under K.S.A. 2018 Supp. 22-3713(c)(9)(B), Tafolla was not entitled to any intermediate sanctions prior to having his probation revoked.

When only the propriety of the sanction imposed by the district court is at issue after a defendant has violated the terms and conditions of probation, we review the district court's decision under an abuse of discretion standard. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A district court abuses its discretion if it bases its decision on legal or factual errors or if no reasonable person would agree with its decision. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019). Tafolla bears the burden of showing that the district court abused its discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). However, to the extent Tafolla's arguments require an interpretation of K.S.A. 2018 Supp. 22-3716, this is a question of law allowing for our unlimited review. See *Coleman*, 311 Kan. at 334-35.

Tafolla is correct that a district court's discretion to revoke probation and impose a probationer's underlying sentence is limited by K.S.A. 2018 Supp. 22-3716(c). Under the version of this statute in effect at the time Tafolla committed his crime, a probationer was required to receive a 2- or 3-day intermediate jail sanction and a 120- or 180-day intermediate prison sanction before his or her probation could be revoked unless a statutory exception to the intermediate sanctions scheme was satisfied. See K.S.A. 2018 Supp. 22-3716(c)(1), (8), and (9). One such exception is when a defendant is granted a dispositional departure to probation. K.S.A. 2018 Supp. 22-3716(c)(9)(B).

Here it is undisputed that Tafolla was granted a dispositional departure at sentencing. Thus, it appears the district court had the statutory and legal authority to revoke Tafolla's probation.

Instead of addressing the applicability of the dispositional departure exception to the intermediate sanctions requirement, Tafolla's brief focuses on whether the district court wrongly applied the 2019 amendments to K.S.A. 22-3716—which eliminated the second intermediate sanction requirement of 120- or 180-days in prison, see K.S.A. 2019 Supp. 22-3716(c)(1) and (2)—and claims the district court "never invoked a statutory bypass exception." We are unaware of any requirement in K.S.A. 2018 Supp. 22-3716(c)(9)(B) (dispositional departure exception) that requires the district court to do so, and Tafolla does not point to any authority supporting this proposition. The "failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority . . . is akin to failing to brief the issue." *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019). An issue not briefed is deemed waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018).

Moreover, even if we were to assume the district court was required to make a finding invoking the dispositional departure exception to the intermediate sanctions requirement, Tafolla never raised this issue before the district court. Generally, a party bears the responsibility to object to inadequate findings and give the district court the opportunity to correct them. If there is no objection, then we can presume the district court "found all facts necessary to support its judgment." *McIntyre v. State*, 305 Kan. 616, 618, 385 P.3d 930 (2016).

Here, as we have explained, it is undisputed that Tafolla received a dispositional departure to probation. Both parties mentioned this at the probation violation hearing, as did the district court. Thus, we hold the district court had the legal authority to revoke Tafolla's probation and impose his underlying prison sentence. As Tafolla makes no argument concerning the wisdom of the district court's revocation decision, we find no abuse of discretion.

Affirmed.

* * *

MALONE, J., dissenting:  I respectfully dissent and would remand for Jeremiah J. Tafolla to receive a new dispositional hearing in accordance with our court's published opinion in *State v. Duran*, 56 Kan. App. 2d 1268, 1277, 445 P.3d 761 (2019). The district court *could have* bypassed the statutory 120- or 180-day intermediate prison sanction because Tafolla originally received a dispositional departure to probation. But the district court's decision to rely on the dispositional departure exception was discretionary, and it did not invoke that exception in revoking Tafolla's probation. See K.S.A. 2018 Supp. 22-3716(c)(9)(B). I would remand for a new dispositional hearing in which the district court must either impose the statutory intermediate prison sanction or rely on a proper statutory ground to bypass the sanction.