NOT DESIGNATED FOR PUBLICATION

No. 122,878

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*

v.

TYLER BOND TOENSMEYER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed December 17, 2021. Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE, J., and JAMES L. BURGESS, S.J.

PER CURIAM: A jury convicted Tyler Bond Toensmeyer of one count of rape of a 12-year-old girl, L.P. He moved for a departure from an off-grid Jessica's Law sentence and for a second departure for a lesser grid sentence. The district court granted the initial departure to the grid but was silent about a second departure to a lesser grid sentence. When sentencing Toensmeyer, the district court noted that the sentence imposed was equivalent to L.P.'s age when Toensmeyer committed the crime.

1

Toensmeyer appeals, arguing that the district court erred by not considering his second departure request and by basing its sentence on L.P.'s age at the time of the crime. Finding no error, we affirm.

FACTUAL AND PROCEDURAL HISTORY

The parties are familiar with the facts. Suffice to say that Toensmeyer, who was 25 years old, met a 12-year-old girl through a dating app and later raped her.

After being found guilty by a jury, Toensmeyer moved for a departure from the Jessica's Law sentence to a guidelines sentence and for a second departure to half of the guideline sentence. In support of his motion, Toensmeyer noted:  he had a strong family support network, essentially no criminal history, caused no problems while out on bond, and the facts of the case were unique from many Jessica's Law cases. Toensmeyer made the same request at sentencing.

At sentencing, the district court stated:

"In preparation for today, I have read a number of decisions on Jessica's Law cases. They are terribly upsetting. They are dis-concerning. This is upsetting as well; however, I went over the departure matters three times on the statute. And then I read a number of the cases for Jessica's Law cases, departures are possible. The legislature has determined that there are certain circumstances that would justify a sentence that is not a lifetime, Hard 25 sentence. We look at those. People that are more experienced than any of us have determined that there are instances where departures would be appropriate. It's not only set forth in the statute, it is set forth in the cases. I look at the difficulty that the jury had, the emotions that we saw, and the verdict that was rendered.

"I feel it would be inappropriate to give you probation. But I am going to grant a departure, because I feel that [there] are substantially compelling reasons to do so. They are that you had no significant history of prior criminal activity. Your life was almost

2

pristine up until this event. And that, although the victim was terribly, terribly young, you were a young adult at the time that this happened.

"I find that a departure is appropriate. I am sentencing you to 12-and-half-years with the Secretary of Corrections, knowing that [L.P.] was about 12-years-old, and has lived for 12 years at the time of this incident."

The district court granted the departure to the grid and sentenced Toensmeyer to 150 months' imprisonment consistent with the grid.

Toensmeyer timely appeals.

ANALYSIS

On appeal, Toensmeyer argues that the district court abused its discretion by failing to consider a second departure and relied on improper factors when imposing his sentence.

When sentencing under Jessica's Law, a conviction for rape generally provides for a life sentence with a mandatory minimum term of not less than 25 years' imprisonment. K.S.A. 2018 Supp. 21-6627(a). The statute authorizes a procedure for imposing a departure sentence from the mandatory minimum sentence. See K.S.A. 2018 Supp. 21-6627(d). If it is the offender's first Jessica's Law conviction, the district court may depart from the mandatory minimum and impose a sentence under the Kansas Sentencing Guidelines Act if, "following a review of mitigating circumstances," the court finds substantial and compelling reasons to do so. K.S.A. 2018 Supp. 21-6627(d)(1); *State v. Powell*, 308 Kan. 895, 902, 425 P.3d 309 (2018).

An appellate court will not reverse a sentencing court's denial of a departure under Jessica's Law unless the court abused its discretion in holding there was no substantial and compelling reason to depart. *Powell*, 308 Kan. at 902.

"'Substantial'" means something real, not imagined, and of substance, not ephemeral. "'Compelling'" means that the court is forced, by the facts of the case, to leave the status quo and go beyond the ordinary. *State v. Reed*, 302 Kan. 227, 250, 352 P.3d 530 (2015).

A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

Under K.S.A. 2018 Supp. 21-6627(d)(2), the district court must consider a list of nonexclusive mitigating circumstances when determining whether to grant a defendant's motion for a sentencing departure in Jessica's Law cases. Those factors are:

"(A) The defendant has no significant history of prior criminal activity;

"(B) the crime was committed while the defendant was under the influence of extreme mental or emotional disturbances;

"(C) the victim was an accomplice in the crime committed by another person, and the defendant's participation was relatively minor;

"(D) the defendant acted under extreme distress or under the substantial domination of another person;

"(E) the capacity of the defendant to appreciate the criminality of the defendant's conduct or to conform the defendant's conduct to the requirements of law was substantially impaired; and

"(F) the age of the defendant at the time of the crime." K.S.A. 2018 Supp. 21-6627(d)(2).

4

The presence of one or more mitigating factors does not automatically warrant a departure. *State v. Jolly*, 301 Kan. 313, 323, 342 P.3d 935 (2015) (noting mitigating circumstances do not necessarily equal substantial and compelling reasons). The district court is not required to provide a reason for denying a motion for departure. *State v. Dull*, 298 Kan. 834, 842, 317 P.3d 104 (2014).

Toensmeyer argues that the district court erred when it failed to consider or acknowledge his request for a second departure to a 72-month sentence. But he failed to object when the district court did not explicitly deny his request below. Generally, a party bears the responsibility to object to inadequate findings of fact and conclusions of law to give the district court an opportunity to correct any alleged inadequacies. *State v. Herbel*, 296 Kan. 1101, 1119, 299 P.3d 292 (2013). When a party does not object to a district court's findings of fact or conclusions of law based on inadequacy, an appellate court can presume the district court found all facts necessary to support its judgment. *State v. Jones*, 306 Kan. 948, 959, 398 P.3d 856 (2017).

Toensmeyer also provides no support for his argument that the district court erred when it did not specifically address his request for a second departure. We consider issues not adequately briefed as waived or abandoned. *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019).

As it stands, the record does not show that the district court failed to consider Toensmeyer's request for a second departure. At sentencing, the district court noted that it read Toensmeyer's motion for departure, which included both departure requests. The court also heard Toensmeyer's attorney make the same request during the sentencing hearing. The court asked counsel to clarify the precise term of months that he was requesting, so the judge knew the request was for a sentence less than the 147-month minimum sentence required by the sentencing guidelines. See K.S.A. 2018 Supp. 21-6804. The district court took great pains to explain its reasoning when it granted the

5

initial departure. Just because the district court did not specifically acknowledge the second departure does not mean that the court did not consider the request.

We find the district court did not abuse its discretion when it, implicitly, denied the request for a second departure. The decision was not based on an error of law, an error of fact, nor was the decision unreasonable. *Ingham*, 308 Kan. at 1469.

Toensmeyer also argues that the district court erred when the judge stated that "the 12 and a half year sentence was appropriate as that was the same age of the girl at the time of the incident." He alleges it is improper to tie the defendant's sentence to the age of the victim. But Toensmeyer provides no supporting authority for his contention that associating the length of the sentence with the victim's age was an improper act by the district court, particularly when the sentence still fell within the presumptive range of the sentencing guidelines. But even if we assume that it was impermissible, that does not change the outcome in this case. A fair reading of the transcript does not indisputably show that the district court imposed the 150-month sentence *because* L.P. was 12 years old. Instead, the court could have just as likely been commenting on the coincidental nature of the sentence and L.P.'s age. This uncertainty is directly related to Toensmeyer's responsibility to object to inadequate findings of fact and conclusions of law to give the district court an opportunity to correct any alleged inadequacies or misunderstandings.

The district court did not err when it sentenced Toensmeyer to 150 months' imprisonment.

Affirmed.

6