NOT DESIGNATED FOR PUBLICATION

No. 123,799

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PAUL RAY FORNEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Nemaha District Court; JAMES A. PATTON, judge. Opinion filed July 22, 2022. Affirmed.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Brad M. Lippert*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HURST, P.J., GARDNER, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: For the first time on appeal, Paul Ray Forney seeks relief from his plea agreement wherein he agreed to plead no contest to one count of severity level 2 distribution of methamphetamine and was sentenced to 117 months in prison. Prior to receiving his sentence, Forney did not challenge or object to the plea agreement, but upon further consideration after receiving many benefits of the plea agreement, he filed a pro se "Motion to Attack Sentence Pursuant to K.S.A. 60-1507," apparently seeking to withdraw his plea. Despite his requested relief, the district court treated the motion as a K.S.A. 60-1507 motion and summarily denied it—but the court did explain that the result

1

would be the same even if it treated the motion as a postsentence motion to withdraw plea because Forney had not shown manifest injustice. Forney appeals the district court's dismissal of his motion, arguing he was entitled to an evidentiary hearing. Although this court is of the mind that Forney's motion was not properly categorized as a 60-1507 motion, the district court was correct that he is not entitled to relief regardless of the motion's title.

FACTUAL AND PROCEDURAL BACKGROUND

On August 31, 2018, the State charged Forney with one count each of severity level 2 and severity level 3 distribution of methamphetamine. Forney entered into a plea agreement with the State, where he agreed to plead no contest to the severity level 2 distribution charge in exchange for the State dismissing the second charge with prejudice, ensuring the return of $485 that was seized from Forney, and dismissing the charges against him in case 18 CR 88 and against his friend K.B. in case 18 CR 89. The State also agreed not to seek an upward departure at sentencing.

The district court held a plea hearing on October 23, 2018, in the booking area of the Nemaha County Sheriff's Jail because Forney had a MRSA staph infection, which was highly contagious. Forney was not in handcuffs and could hear, observe, and participate in the proceedings. The district court reviewed the terms of the plea agreement as well as the consequences of accepting a plea, and had the State discuss the evidence supporting Forney's charge of level 2 distribution of methamphetamine. A level 2 distribution charge required the State to prove Forney distributed or possessed with the intent to distribute at least 3.5 grams but less than 100 grams of methamphetamine. K.S.A. 2018 Supp. 21-5705(a)(1), (d)(3)(C).

The State outlined the evidence it had against Forney—including an audio taped conversation between Forney and a confidential informant regarding the sale of

2

methamphetamine, and officer testimony that the confidential informant returned from Forney's house with a small baggy of white crystal-like substance, which field tested positive for methamphetamine and weighed 3.8 grams. At the time of Forney's plea hearing, Forney was aware that the State did not yet have the Kansas Bureau of Investigation (KBI) lab reports regarding the crystal-like substance obtained from the confidential informant, yet Forney wanted to proceed with the plea agreement without the reports. The district court accepted Forney's no contest plea—after finding the plea was "freely, voluntarily, and intelligently made after advice of competent counsel," that it was "not the result of ignorance, fraud, fear, inadvertence or coercion," and that there was a factual basis for the plea.

On November 20, 2018, a KBI lab report confirmed the substance taken from Forney was methamphetamine, but that it only weighed 3.34 grams—under the weight of 3.5 grams required for a level 2 distribution of methamphetamine charge. The State provided a copy of this KBI lab report to Forney and his counsel on November 28, 2018—a day before his scheduled sentencing hearing. Forney sought a continuance, which the district court granted. The court set the new sentencing date as December 20, 2018, "to allow [Forney] and his attorney to consider withdrawal of his plea" in light of the weight discrepancy. Forney sought another continuance, which the district court granted "to allow additional time for [Forney] to consider his options, which included withdrawing his plea and proceeding to trial in both cases."

At the sentencing hearing on January 24, 2019, Forney's counsel told the district court that he "talked to Mr. Forney numerous times about potentially how to rectify this [weight discrepancy] problem, and like withdrawing his plea is one of them and he does not want to do that because he doesn't want to jeopardize the plea agreement which involved him and his friend [K.B.]." Despite the critical .46-gram difference, Forney decided not to ask to withdraw his plea and instead sought a downward departure, to which the State objected, to time served and 36 months' probation or the standard

sentence for a level 3 distribution charge based on numerous factors, including the weight discrepancy. The district court denied the departure and imposed the mitigated presumptive sentence of 117 months' imprisonment.

Forney voluntarily dismissed his previously filed direct appeal to this court and subsequently filed a pro se "Motion to Attack Sentence Pursuant to K.S.A. 60-1507," which is the subject of this appeal. In his motion, Forney argued his plea agreement should be withdrawn because

- the KBI report found the methamphetamine was under the required amount for a level 2 distribution charge;
- the district court knew Forney had not seen the KBI report prior to entering his plea; and
- he was not healthy or coherent enough to enter his plea because he had a MRSA infection prior to the hearing, which he attended from a jail booking room.

The State filed a response to Forney's motion, arguing that it raised no issues set forth in K.S.A. 60-1507(a) and that the district court should summarily deny it. Forney filed a pro se response, raising the additional argument that his plea was not made in open court, in violation of K.S.A. 2018 Supp. 22-3210(a)(1). Forney also cited K.S.A. 2018 Supp. 22-3210(a)(4), arguing that because the court must be satisfied with the facts of the underlying crime to accept a no contest plea, the State should have set aside his plea when it received the KBI lab report.

On December 18, 2020, the district court held a video conference hearing to announce its ruling on Forney's motion where neither party presented evidence or arguments. The district court affirmed its findings that Forney made his no contest plea voluntarily and intelligently, with the advice of competent counsel. It noted that at the

4

time Forney entered his plea, a proper factual basis for the level 2 distribution charge existed. It denied Forney's motion, agreeing with the State that Forney raised no issues set forth in K.S.A. 60-1507(a). In addressing Forney's motion, the district court noted that Forney "consciously chose not to withdraw his plea" and "specifically did not want to seek to withdraw his plea when the standard would have been for good cause shown." However, the court also explained that "if the Court were to consider his pleadings to constitute a request to withdraw his plea he must establish manifest injustice to correct the result of the plea in which he was complicit." The court further found that Forney failed to make such a showing because he had the information necessary to withdraw his plea prior to sentencing, and he did not allege he was given erroneous information, his counsel was ineffective, or "that he was misled, coerced, mistreated, or unfairly taken advantage of."

The district court also found that, though exigent circumstances caused Forney to attend his arraignment hearing from the booking area of the Nemaha County Sheriff's Jail, the arraignment still occurred in "open court," pursuant to K.S.A. 2018 Supp. 22-3210(a)(1). Finally, the district court held that Forney's plea was knowingly and intelligently made despite his prior MRSA infection, as nothing in the record showed the MRSA infection had adversely impacted Forney's mental capacities and Forney did not cite to any law or science establishing that the skin infection could create diminished capacity.

Forney appeals.

DISCUSSION

Forney argues the district court erred by summarily denying his K.S.A. 60-1507 motion without an evidentiary hearing. On appeal, he does not specifically seek to withdraw his plea but merely requests that this court reverse the district court's denial and

5

remand the case for an evidentiary hearing. Forney's appellate argument does not address the district court's finding that his motion did not raise any issues set forth in K.S.A. 60-1507(a), nor does he challenge the district court's finding that his plea was entered in open court. This court finds that the district court did not err by summarily dismissing Forney's motion and affirms.

I.      *Standard of Review for K.S.A. 60-1507 Summary Denial*

Defendants may use a K.S.A. 60-1507 motion to collaterally challenge a conviction or sentence and the district court can resolve the motion by either: (1) summarily denying the motion after finding that the motion, files, and records of the case conclusively show the movant is not entitled to relief; (2) granting a preliminary hearing after finding that the motion, files, and records of the case show that a potentially substantial issue exists; or (3) holding a full evidentiary hearing after finding that the motion, files, records of the case, or preliminary hearing show that a substantial issue exists. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). The parties agree that the district court summarily denied Forney's motion without a preliminary or evidentiary hearing.

This court applies a de novo review to a defendant's challenge to the summary denial of their K.S.A. 60-1507 motion to determine whether the motion, files, and records of the case conclusively show that the movant is not entitled to relief. *Beauclair*, 308 Kan. at 293. The movant—including pro se movants—bears the burden to allege facts sufficient to warrant a hearing on the motion, and mere conclusions or unsupported assertions are not enough to raise a substantial issue of fact. See *Mundy v. State*, 307 Kan. 280, 304, 408 P.3d 965 (2018).

II.     *Forney failed to show he was entitled to relief on his diminished capacity claim.*

Forney claims his ability to think clearly was impacted and diminished by his MRSA infection, making him unable to enter a knowing and intelligent plea and that the court should have conducted an evidentiary hearing to determine the severity of his infection and how it may have impaired him during his plea hearing.

The district court noted that Forney did not provide "any facts or science that establishes that the infectious skin disorder creates a diminished capacity." The district court also found that at the time of the plea hearing Forney did not allege he was impaired by any illness and noted the hearing transcript "clearly shows that [Forney] heard and understood the proceedings and voluntarily participated in the arraignment." During the plea hearing, the district court inquired about Forney's mental capacity:

> "THE COURT: Are you having any trouble hearing or understanding me today?
> "THE DEFENDANT: No, sir.
>
>     . . . .
> "THE COURT: Are you taking any medications?
> "THE DEFENDANT: No, sir.
> "THE COURT: Within the last 30 days have you quit taking any type of prescription drug?
> "THE DEFENDANT: No. No, sir.
> "THE COURT: Did you take anything for the MRSA infection that you had?
> "THE DEFENDANT: Yeah, I just finished it up like two days ago.
> "THE COURT: Today are you under the influence of any over-the-counter medications, Tylenol, Aleve, did you take anything like that?
> "THE DEFENDANT: No, sir.
>
>     . . . .
> "THE COURT: Today are you taking any kind of substance that would prevent you from thinking clearly and focusing your attention on this case?
> "THE DEFENDANT: No, sir.

7

"THE COURT: Today are you taking any kind of substance that would prevent you from communicating effectively with your attorney or others in this matter?

"THE DEFENDANT: No, sir.

"THE COURT: Today are you taking any kind of substance that would prevent you from making important personal decisions?

"THE DEFENDANT: No, sir."

At the plea hearing, the district court knew and considered the fact that Forney was recovering from a MRSA infection at the time of his plea hearing and found that his testimony at the hearing showed he was coherent, engaged, and voluntarily participated. Forney's 60-1507 motion does not allege he was impaired or unable to comprehend his plea hearing due to his MRSA infection—it merely makes conclusory allegations that because he was recovering from the infection, he could not have been coherent enough to make legal decisions. Forney provides no legal citation for his conclusion, nor has this court found any caselaw finding that a skin infection like MRSA impairs a person's mental capacity such that they cannot enter a knowing and intelligent plea. Without more than Forney's unsupported allegations, the motion and case records conclusively show he is not entitled to relief on his diminished capacity claim and the district court did not err in summarily denying the claim.

III. *Forney failed to show he was entitled to relief on his ineffective assistance of counsel claim.*

Forney appears to assert an ineffective assistance of counsel claim for the first time on appeal, but appellate courts generally only consider such claims raised for the first time on appeal when the ineffective assistance of counsel test can be applied as a matter of law based upon the appellate record. *State v. Salary*, 309 Kan. 479, 483-84, 437 P.3d 953 (2019). Forney argues that this court should treat his 60-1507 motion's first two claims that: (1) the KBI report showed that the methamphetamine weighed too little to sustain his plea for a level 2 drug felony; and (2) he did not see the KBI report before

entering his plea asserting claims of ineffective assistance of counsel based on his counsel's failure to investigate the actual weight of the methamphetamine. This court may liberally construe pro-se litigant pleadings, such as Forney's 60-1507 motion, to afford them an opportunity for review. *Sperry v. McKune*, 305 Kan. 469, 490, 384 P.3d 1003 (2016). Here, the district court treated it as a 60-1507 motion, and this court can liberally construe it as such a motion asserting ineffective assistance of counsel and reach the merits based on the appellate record.

This court uses a two-prong test to analyze ineffective assistance of trial counsel claims: the first prong requires the defendant to show that counsel's performance was deficient, and if shown, the second prong requires that the defendant show prejudice resulting from that deficient performance. To show deficient performance, the defendant must establish that counsel's performance fell below an objective reasonableness standard. If deficient performance is shown, the defendant can establish prejudice by showing there was a reasonable probability that the deficient performance affected the outcome of the proceedings. *Khalil-Alsalaami v. State*, 313 Kan. 472, 485-86, 486 P.3d 1216 (2021).

Forney argues on appeal that his counsel for the plea hearing was ineffective by failing to properly investigate his case and failing to properly advise Forney of the risk of entering a plea without first reviewing the KBI lab report. In a claim for ineffective assistance of counsel, defendants must overcome a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and appellate courts must make every effort to eliminate distorting effects of hindsight and evaluate the conduct from counsel's perspective at the time. *Khalil-Alsalaami*, 313 Kan. at 485-86.

Forney's plea hearing was held on October 23, 2018, and the KBI report establishing that the methamphetamine was a lower weight was not complete until November 20, 2018. Forney's counsel could not have known the weight discrepancy prior

to the plea hearing through more rigorous investigation because it was not available—which Forney knew at the time and decided to continue. The district court asked Forney if he had an opportunity to discuss his charges with his counsel and if he wanted to proceed without the KBI lab reports:

> "THE COURT: Have you and Mr. Kraushaar had sufficient time to discuss the charges against you and the elements of each of those charges?
> "THE DEFENDANT: Yes, sir.
> "THE COURT: Have you had sufficient time to discuss procedural rights, defenses, trial tactics, and potential outcomes to your satisfaction?
> "THE DEFENDANT: Yes, sir.
> "THE COURT: Have you and he had sufficient time to discuss pretrial motions that you might file such as motions to suppress, motions to dismiss, or other motions?
> "THE DEFENDANT: Yes, sir.
> "THE COURT: And have you and Mr. Kraushaar had sufficient time and opportunity to review the substance of the evidence against you to include police reports, investigative reports, laboratory reports, video or oral recordings, statements of witnesses and other relevant materials?
> "THE DEFENDANT: Um—
> "MR. KRAUSHAAR: The written reports, yeah.
> "THE DEFENDANT: Yeah, I've seen some written reports. I haven't seen everything but I've seen some of the reports.
> "THE COURT: Do you wish time to see the balance of whatever those reports are?
> "THE DEFENDANT: I think mainly I'm waiting on lab reports is all I'm waiting on. I don't know if he's got them, I doubt if he does yet.
> "MR. LIPPERT: The State does not yet, your Honor.
> "THE DEFENDANT: Other than that everything else has been disclosed as far as I know to me.
> "THE COURT: Do you wish to proceed?
> "THE DEFENDANT: Yes, sir."

Additionally, once the KBI lab report became available Forney received two continuances of his plea hearing in order to consider his options—the district court granted Forney's first continuance "to allow [Forney] and his attorney to consider withdrawal of his plea" in light of the weight discrepancy. The court granted Forney's second continuance "to allow additional time for [Forney] to consider his options, which included withdrawing his plea and proceeding to trial in both cases." But Forney specifically did not want to withdraw his plea and chose to continue with sentencing under the original plea agreement of a level 2 drug felony, despite the KBI lab report demonstrating the methamphetamine weight did not meet the minimum for the charge Forney pled to. Forney was aware of his rights, had ample opportunity to discuss the case with his counsel, knew the weight of the methamphetamine did not meet the standard for a level 2 drug felony—and still continued with the plea agreement. He has not shown that his counsel's performance was deficient, and he was not entitled to an evidentiary hearing.

IV.    *Forney failed to establish manifest injustice to withdraw his plea.*

Although Forney's motion is titled "Motion to Attack Sentence Pursuant to K.S.A. 60-1507," he actually sought a postsentence withdrawal of his plea agreement—which would be more appropriately categorized as a motion to withdraw plea pursuant to K.S.A. 2018 Supp. 22-3210(d)(2). However, the district court treated it as a 60-1507 motion and on appeal Forney only presents arguments related to a 60-1507 motion and does not address any argument regarding his ability to withdraw his plea under K.S.A. 2018 Supp. 22-3210. By failing to address this argument on appeal, Forney has waived or abandoned any argument that his motion to attack sentence pursuant to 60-1507 was actually a motion to withdraw a postsentence plea pursuant to K.S.A. 2018 Supp. 22-3210(d)(2). See *Salary*, 309 Kan. at 481 ("Issues not adequately briefed are deemed waived or abandoned."). But in an effort to ensure completeness and promote judicial economy, this

11

court will address why Forney's argument fails even if his motion is considered one to withdraw his plea because the district court also addressed this issue.

A defendant is permitted to withdraw their plea agreement after sentencing only "to correct manifest injustice." See K.S.A. 2018 Supp. 22-3210(d)(2). In determining if manifest injustice exists, the court generally considers whether the defendant was represented by competent counsel, whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and whether the plea was fairly and understandingly made. See *State v. Frazier*, 311 Kan. 378, 381, 461 P.3d 43 (2020); *State v. Johnson*, 307 Kan. 436, 443, 410 P.3d 913 (2018). This court reviews a district court's summary denial of a postsentence motion to withdraw a plea de novo, reviewing the facts and law anew. See *State v. Gonzalez*, 56 Kan. App. 2d 1225, 1228, 444 P.3d 362 (2019).

At the hearing on Forney's motion to attack sentence, the district court found that even if it construed Forney's pro se motion as a request to withdraw his plea rather than a 60-1507 motion, Forney could not prevail because he could not establish manifest injustice. The district court explained that:

- Forney did not claim he was misled, coerced, mistreated, or unfairly taken advantage of;
- Forney did not claim his attorney was incompetent or had a conflict in his representation;
- Forney had the necessary information to withdraw his plea prior to sentencing and failed to; and
- the plea colloquy established the plea was fairly and understandingly made.

Forney has not presented any arguments on appeal to establish manifest injustice exists, nor has he challenged the district court's manifest injustice findings. Thus, even if this court were to treat Forney's motion as a motion for postsentence plea withdrawal,

12

Forney has not shown manifest injustice and the district court did not err by summarily denying his motion.

CONCLUSION

This court is not insensitive to Forney's plight, having discovered that the weight of the methamphetamine at issue was less than what was necessary to establish the more serious offense for which he already entered a plea. However, Forney's attempt to attack his plea agreement after sentencing is misplaced. The record is clear that Forney had all the information necessary and ample opportunity to withdraw his plea prior to sentencing and he chose not to. Forney wanted the benefits of the plea agreement and having availed himself of those benefits now seeks to void the agreement. But Forney has not carried his burden on appeal and this court affirms the district court's summary denial of his motion.

Affirmed.